

REID COLLINS & TSAI LLP
810 Seventh Avenue, Suite 410
New York, NY 10119
Main:  212.344.5200
Fax:  212.344.5299
www.reidcollins.com

William T. Reid, IV | Partner
Direct:  512.647.6105
wreid@reidcollins.com

November 6, 2020

**FILED ON DOCKET**

Hon. Andrew L. Carter Jr.
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    Holliday v. K Road Power Management, LLC, et al.
               Case No. 1:20-cv-05404-ALC

Dear Judge Carter:

    I represent Plaintiff-Appellant and write to respond to Defendants' November 5, 2020 letter regarding *SunEdison Litigation Trust v. Seller Note, LLC*.

    Contrary to Defendants' submission, the facts of *SunEdison* stand in stark contrast to the facts at issue here. There, the alleged "initial transfer" was the debtor's (SunEdison Holdings) movement of assets to its *wholly owned subsidiary*, Seller Note.[1] In other words, the alleged "transfer" did not prejudice SunEdison Holdings' creditors because SunEdison Holdings still owned the assets, albeit indirectly, after the "transfer." As such, the court, properly disregarded the trustee's alleged "initial transfer" and focused on the only transfer in which the debtor disposed of an interest in property—Seller Note's pledge of the assets to Wilmington Trust.[2] The court's characterization of SunEdison Holdings' "transfer" to Seller Note as a "step" in the "*true* overarching transfer"—*i.e.*, the

---

[1] *SunEdison*, 2020 WL 6395497, at *1-3.

[2] *Id.*; *Merit*, 138 S. Ct. at 894 ("[T]he transfer identified must satisfy the terms of the avoidance provision the trustee invokes.").

Hon. Andrew L. Carter Jr.
November 10, 2020
Page 2

pledging of the debtor's assets—makes sense because the pledge was the *only* avoidable transfer.[3]

Here, conversely, the BosGen Dividend is an avoidable transfer. The BosGen Dividend clearly prejudiced *BosGen's* creditors, and there is no basis under § 546(e) to "collapse" or "integrate" it into *EBG's* various subsequent transfers (which uniquely prejudiced EBG's separate creditors).[4] When a transfer satisfies the terms of the avoidance provisions (as the BosGen Dividend does), the Bankruptcy Code's specific avoidance and recovery schemes cannot just be tossed aside, as Defendants' wish.

The *SunEdison* court also relied on the indisputably flawed part of the Bankruptcy Court's opinion that the BosGen Dividend itself was a two-step transfer. The court further misunderstood that flawed holding, believing that the Defendants here where the recipients of the "Step Two Transfer."[5] The BosGen Dividend was not a two-step transfer. Nor was it a "step" in another "overarching transfer," because "overarching transfer" means the avoidable initial transfer, not some overall transaction.[6]

Respectfully submitted,

REID COLLINS & TSAI LLP

/s/ *William T. Reid, IV*
William T. Reid, IV
810 Seventh Avenue, Suite 410
New York, New York 10119
Tel: 212-344-5200
wreid@reidcollins.com

Joshua J. Bruckerhoff (*Pro Hac Vice*)
Gregory S. Schwegmann
1301 S. Capital of Texas Hwy
Building C, Suite 300
Austin, Texas 78746
Tel: 512-647-6200

---

[3] *SunEdison*, 2020 WL 6395497, at *6 (emphasis added).

[4] Reply Brief at 5-9.

[5] *SunEdison*, 2020 WL 6395497 at *6.

[6] Appellant's Brief at 21-22, 43.

Hon. Andrew L. Carter Jr.
November 10, 2020
Page 3

                jbruckerhoff@reidcollins.com
                gschwegmann@reidcollins.com

                *Attorneys for Plaintiff-Appellant*