

REID COLLINS & TSAI LLP
330 West 58th Street
New York, NY 10019
Main:  212.344.5200
Fax:  212.344.5299
www.reidcollins.com

William T. Reid, IV | Partner
Direct:  512.647.6105
wreid@reidcollins.com

December 22, 2020

**FILED ON DOCKET**

Hon. George B. Daniels
United States District Court
    for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, New York 10007

        Re:    *Holliday v. K Road Power Management, LLC, et al.*
               Case No. 1:20-cv-05404-GBD

Dear Judge Daniels:

      I represent Plaintiff-Appellant and write in response to Defendants' December 18, 2020 letter regarding *In re Fairfield Sentry Ltd.*[1]

      *Fairfield* has no bearing on the issues presented in this appeal. The *Fairfield* court held that the debtors, various Fairfield funds (the "<u>Funds</u>"), were "financial institutions" with respect to redemption payments made by them to their investors because their custodian, Citco Bank, made the redemptions payments on their behalf.[2]   Significantly, unlike here, the parties in *Fairfield* did not dispute that the relevant transfers were made in connection with securities contracts or that Citco Bank acted as the Funds' agent in connection with those contracts.[3]

---

[1] Adv. Pro. No. 10-03496, 2020 WL 7345988 (Bankr. S.D.N.Y. Dec. 14, 2020).

[2] *Id.* at *7.

[3] Indeed, Citco Bank served as the Funds' custodian and worked with other Citco entities that performed multiple services for the Funds in connection with the relevant securities contracts. *Id.*

Hon. George B. Daniels
December 22, 2020
Page 2

*Fairfield* stands only for the uncontroversial proposition that when a bank effectuates a transfer for its customer *and* does so as the customer's agent or custodian in connection with a securities contract, then the customer is deemed a financial institution under Bankruptcy Code. Thus, although *Fairfield* demonstrates that EBG was a financial institution with respect to the EBG Settlement Payments, the Trust has never disputed this fact.[4]

Rather, in this appeal, the primary issues are whether (1) the BosGen Dividend was a transfer in connection with EBG's securities contract (*i.e.*, the Tender Offer); and (2) the banks through which the BosGen Dividend passed (US Bank and Bank of America) were acting as an agent for either BosGen or EBG *in connection with* the Tender Offer. Because the BosGen Dividend was not made in connection with the Tender Offer, *Fairfield* has no bearing on this case. Moreover, unlike in *Fairfield*, neither of the banks involved with the BosGen Dividend was acting as an agent for either BosGen or EBG in connection with the Tender Offer. As such, neither BosGen nor EBG were financial institutions when BosGen paid $708 million to EBG.

Respectfully submitted,

REID COLLINS & TSAI LLP

/s/ *William T. Reid, IV*
William T. Reid, IV
330 West 58th Street, Suite 403
New York, New York 10019
Tel: 212-344-5200
wreid@reidcollins.com

Joshua J. Bruckerhoff (*Pro Hac Vice*)
Gregory S. Schwegmann
1301 S. Capital of Texas Hwy
Building C, Suite 300
Austin, Texas 78746
Tel: 512-647-6200
jbruckerhoff@reidcollins.com
gschwegmann@reidcollins.com

*Attorneys for Plaintiff-Appellant*

---

[4] Appellate Brief at 19 n. 37.